IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CARLOS NIEBLA-MACHADO,<br><br>    Defendant. | Case No. 2:24-cr-20067-HLT |

**MEMORANDUM AND ORDER**

Defendant Carlos Niebla-Machado is charged in count 1 of the indictment with attempted kidnapping in violation of 18 U.S.C. § 1201(d). Doc. 13 at 1-2. Count 1 also references the "aiding and abetting" statute found at 18 U.S.C. § 2, which (broadly speaking) criminalizes the actions of an accomplice to a crime to the same extent as the actions of a principal.

Defendant moves under Rule 12(b)(3)(B)(v) to dismiss the aiding-and-abetting theory of liability in count 1.[1] Doc. 35. He looks to the facts alleged in the government's pre-indictment criminal complaint and contends it was impossible for him to have aided and abetted anyone because everyone else involved in the alleged kidnapping attempt was working with law enforcement. Defendant argues that he could not have aided and abetted anything because the undercover agents never had the specific intent to kidnap anyone. *Id.* at 5-6. Defendant analogizes his argument to a principle applicable to criminal conspiracies. *See id.* at 6-7. This principle holds that criminal conspiracies require at least two bona fide co-conspirators. *Id.* (discussing *United*

---

[1] With some exception, the Court is limited to the indictment on a Rule 12(b)(3)(B)(v) motion. *See e.g.*, *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010). The parties do not address whether the Court can properly consider the allegations in a pre-indictment criminal complaint. The Court's own research suggests that there is a split among district courts nationally. *United States v. Rose*, 2022 WL 1087599, at *2 (E.D. Okla. 2022) (noting the split and collecting illustrative cases). The Court need not decide this issue here.

*States v. Barboa*, 77 F.2d 1420, 1422 (10th Cir. 1985)). Defendant contends that the same principle should apply in the aiding and abetting context. *Id.* He therefore argues that it is impossible for him to be liable as an aider and abettor (i.e., an accomplice) through 18 U.S.C. § 2 for the attempted kidnapping because every identified principal worked with law enforcement.

The Court denies Defendant's motion without reaching the merits of his defense. The government persuasively argues that no basis for dismissal exists because attempted kidnapping, attempting to aid and abet a kidnapping, and aiding and abetting an attempted kidnapping are all charged as the same offense. *See United States v. Washington*, 106 F.3d 983, 1004-05 (D.C. Cir. 1997) (observing that "paradoxically" attempting to aid and abet an offense is charged the same way as aiding and abetting an attempted offense).[2] They merely differ in the theory of liability they present. This is so because the aiding and abetting statute (18 U.S.C. § 2) "simply abolishes the common-law distinction between principal and accessory," *United States v. Alexander*, 447 F.3d 1290, 1298 (10th Cir. 2006) (citation omitted), and therefore creates "an alternative charge in every substantive count regardless of whether it is alleged in the indictment," *United States v. Temple*, 433 F. App'x 630, 633 (10th Cir. 2011) (citing *United States v. Lewis*, 594 F.3d 1270, 1286 (10th Cir. 2010)).

The attempted kidnapping offense charged in count 1 is defined at 18 U.S.C. § 1201(d). It is enough that the indictment "(1) contains the essential elements of the offense intended to be

---

[2] *Washington* involves a reverse sting operation in which multiple D.C. police officers believed they were helping individuals (who turned out to be undercover FBI agents) traffic cocaine. 106 F.3d at 990-92. Among the charges they faced was attempting to possess cocaine. Two of the defendants argued on appeal that their subsequent conviction for that crime lacked sufficient evidentiary support. They argued, like Defendant does here, that they couldn't be liable on an aiding and abetting theory because the undercover agents also lacked the criminal intent to possess the drugs. *Id.* at 1003. The D.C. Circuit rejected this argument, concluding that the defendants could be liable for attempted possession by attempting to aid and abet the drugs' possession. *Id.* at 1004-06. *Washington* appears to be the leading opinion on this issue. And other courts, including the Ninth Circuit, have embraced its reasoning. *See United States v. Bellot*, 113 F.4th 1151, 1155-56 (9th Cir. 2024). The Court regards it as persuasive authority.

charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment to any subsequent prosecution for the same offense." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). And it is "generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009) (internal quotation marks and citation omitted). If "the indictment quotes the language of [the] statute [defining the offense] and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the actual proof that will be relied upon to support the charges." *Id.* at 1173-74 (internal quotation marks and citation omitted).

In this respect, the Court has little difficulty concluding count 1 passes muster. Count 1 alleges that from on or about February 22, 2024, to on or about July 1, 2024, in the District of Kansas, Defendant "unlawfully and willfully attempted to seize, confine, kidnap, abduct, carry away, and hold for ransom or reward" another individual. Doc. 13 at 1. It also alleges that "in furtherance" of this conduct Defendant "traveled in interstate commerce from the State of Missouri to the State of Kansas" and used a cellular telephone – an "instrumentality of interstate commerce." *Id.* at 1-2. Count 1 therefore alleges that Defendant violated 18 U.S.C. § 1201(d) by attempting to violate 18 U.S.C. § 1201(a)(1).[3] Taken together, these allegations generally track the language of

---

[3] In material part, 18 U.S.C. § 1201 says:
    (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when –
        (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or

18 U.S.C. §§ 1201(a)(1), (d), provide the nature of the illegal conduct at issue, and provide its date and location. This is sufficient to state an offense. Because count 1 states an offense, it is not subject to dismissal under Rule 12(b)(3)(B)(v), and the Court denies Defendant's motion.

The Court's decision does not turn on the substantive merits of Defendant's arguments. Even so, the Court has its doubts about their potential for success. It's certainly true – and Defendant is correct to point out – that "in order to convict an accomplice of a completed substantive crime . . . there must be a guilty principal before there can be an aider and abettor, and the accomplice and the principal must have a shared intent." *Washington*, 106 F.3d at 1003-04 (internal quotation marks, citation, and footnotes omitted). But the offense at-issue here is an attempt, not a completed substantive crime. And when the offense at-issue is an attempt, it is <u>not necessarily the case</u> that accomplice liability can <u>only</u> exist when the principal shares a bona fide criminal purpose with the accomplice and the principal in fact commits the substantive attempt offense. *Id.* at 1004-05.

Defendant incorrectly assumes that by charging Defendant with attempted kidnapping and referring to 18 U.S.C. § 2 in the initial criminal complaint and ultimately in the indictment, the government <u>must</u> have charged Defendant with aiding and abetting an attempted kidnapping. Not so. More than one theory of accomplice liability is potentially available when the offense charged is an attempted kidnapping. *Id.* Certainly, one possibility is aiding and abetting an attempted

---

> foreign commerce in committing or in furtherance of the commission of the offense . . .
> 
>  . . . .
> shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.
>
>  . . . .
> (d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years.

18 U.S.C. § 1201(a)(1), (d).

kidnapping. *Id.* at 1004. But attempting to aid and abet a kidnapping is another. *Id.* at 1004-05. And both are charged in the same way (as attempted kidnapping). *Id.* at 1004.

Unsurprisingly, Defendant is focused on the first possibility because he seems to assume that it's the only one that exists. It is also the one that appears to require a "guilty" principal (i.e., a principal who himself attempted to commit a given offense but failed). *Id*. But Defendant completely ignores the second possibility, which is where the wheels come off. "In the latter scenario, . . . the prosecution need not show that an offense was actually committed, nor that the principal and the accomplice had a 'shared intent.'" *Id.* at 1005. In such a case, and "[a]s with other attempt crimes, the focus of the court's analysis" is on "an examination of the defendant's intent and actions in furtherance of that intent." *Id.* Which means "the prosecution must show that the defendant acted with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting, and that he engaged in conduct which constitutes a substantial step toward the commission of the crime." *Id.* (internal quotation marks and citation omitted). And because factual impossibility is not generally a defense to attempt, whether the defendant's criminal intentions were capable of being realized is unimportant. *Id.*; *accord United States v. Chavez*, 29 F.4th 1223, 1227-28 (10th Cir. 2022) ("Factual impossibility is not a defense to attempt because, under the circumstances as the defendant believed them to be, the defendant was still pursuing a criminal design.").

It remains to be seen, of course, what evidence the government might present at trial and what theories of liability it might or might not ultimately choose to pursue. These are things that can't be divined from the face of the indictment (nor do they need to be). If Defendant chooses to raise the defense again at a later stage in the proceedings, he will have the opportunity to do so.

THE COURT THEREFORE ORDERS that Plaintiff's Rule 12(b)(3)(B)(v) motion (Doc. 35) is DENIED.

IT IS SO ORDERED.

Dated: September 4, 2025 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE